**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TIMOTHY FLETCHER,**

                  **Plaintiff,**                **No. 07-cv-707**
                                                   **(GLS-GHL)**

        **v.**

**GLENN GOORD,** *Commissioner*
*of the Department of Correctional*
*Services, et al.,*

                  **Defendants.**
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**
TIMOTHY FLETCHER
*Pro Se*
230 East 123rd Street, #2604
New York, New York 10035

**FOR THE DEFENDANTS:**
HON. ANDREW M. CUOMO        GERALD J. ROCK, ESQ.
New York Attorney General
The Capitol
Albany, New York 12224

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Timothy Fletcher, proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 alleging, in summary, that the defendants, the Commissioner of the New York State Division of Parole ("Division of Parole") and three employees of the New York State Department of Correctional Services ("DOCS"), caused and/or failed to correct the miscalculation of: (1) his aggregate sentence for separate convictions; and (2) his parole eligibility date. (*See generally* Compl.; Dkt. No. 1.) On August 9, 2007, the defendants filed a renewed motion to dismiss the Complaint on the grounds of Eleventh Amendment immunity, expiration of the statute of limitations, collateral estoppel, lack of personal involvement, and failure to state a claim. (Dkt. No. 42.)[1] The motion, which was unopposed, was referred to Magistrate Judge George H. Lowe for report and recommendation. On March 14, 2008, Judge Lowe issued a Report-Recommendation ("R&R") recommending that the defendants' motion to dismiss be granted. (Dkt. No. 46.)[2] Pending are Fletcher's timely

---

[1] The defendants' original motion to dismiss was denied, with leave to renew, by Endorsed Order of the Honorable Charles L. Brieant of the United States District Court for the Southern District of New York. (*See* Dkt. No. 37.) Judge Brieant ordered the case transferred to this District on the grounds of improper venue. (*See id.*)

[2] The Clerk is directed to append the R&R to this Memorandum-Decision and Order, and familiarity therewith is presumed.

2

objections ("Objections") to the R&R. (Dkt. No. 47.) For the reasons that follow, the R&R is adopted and Fletcher's Complaint is dismissed.

## II. <u>Discussion</u>

Before entering final judgment, this court reviews all report-recommendations in cases it has referred to a Magistrate Judge. If a party has objected to specific elements of the Magistrate Judge's findings and recommendations, the court reviews those particular findings and recommendations *de novo. See Green v. Foley,* No. 05-cv-0629, 2007 WL 3232268, at *1 (N.D.N.Y. Oct. 31, 2007) (citation omitted). Even in those cases where no party has filed an objection, or only a vague, general, and/or partial objection has been filed, the court reviews the unchallenged findings and recommendations of a Magistrate Judge under a clearly erroneous standard. *See id.*

Judge Lowe recommended dismissal of Fletcher's Complaint on two alternative grounds. First, Judge Lowe noted that the defendants' motion was "facially meritorious," and thus met the lightened burden of persuasion applicable to unopposed motions to dismiss. (*See* R&R at 12-14.) Second, Judge Lowe concluded that, even under the detailed scrutiny applicable to a contested motion to dismiss, Fletcher's claims were subject

3

to dismissal.

Fletcher objects to the application of a lightened burden of persuasion, arguing that: (1) he never had a full and fair opportunity to contest the defendants' motion because he was disabled and home-bound and his request for counsel was not addressed by the court; and (2) the Southern District of New York confirmed that the factual allegations in his Complaint were sufficient to state a valid cause of action. (*See* Objections at ¶¶ 1-2.) In light of Fletcher's specific objections, the court has reviewed the relevant portion of the R&R *de novo.* Upon such review, the court concludes both that it was proper for Judge Lowe to apply the lightened burden of persuasion applicable to unopposed motions to dismiss and that the defendants' motion was facially meritorious. It bears noting that, contrary to Fletcher's assertion, the court did, in fact, receive and address Fletcher's request for the appointment of counsel. (*See* Order dated September 17, 2007; Dkt. No. 44.) Additionally, the court granted Fletcher an extension of time in which to respond to the defendants' motion to dismiss. (*See id.*) Finally, even if the prior court's informal observations were somehow relevant to this court's decision, there is nothing in that court's opinion to suggest that Fletcher's allegations against the defendants

4

are sufficient to withstand a motion to dismiss. Accordingly, the relevant section of the R&R is adopted, and the Complaint is dismissed.

With respect to the remainder of the R&R, in which Judge Lowe evaluates Fletcher's claims under the level of scrutiny applicable to a contested motion to dismiss, Fletcher has only objected to Judge Lowe's analysis of the defendants' statute of limitations argument. (*See* Objections at ¶¶ 3-5.) Fletcher argues: (1) that he should not be held responsible for not filing his Complaint in a timely manner, because the court gave no indication of when the Complaint should have been filed; (2) that he received constructive notice of his claims in August of 2004, not in February of 1990; and (3) that the statute of limitations begins to run only upon the receipt of a favorable determination acknowledging that a deprivation of a liberty interest has occurred. (*See id.*) The court declines to consider these arguments, as they are made for the first time in response to the R&R. *See Palacio v. Goord,* No. 03-cv-0836, 2008 WL 87551, at *1 (N.D.N.Y. Jan. 7, 2008) (citing *Hynes v. Squillace,* 143 F.3d 653, 656-57 (2d Cir. 1998)). In the alternative, upon a *de novo* review of the R&R, the court rejects Fletcher's arguments, and concludes that Judge Lowe correctly determined that the claims arising from the allegedly

5

unlawful modification of Fletcher's original maximum expiration date from June 22, 1988 to March 10, 1990 are barred by the statute of limitations. Accordingly, for the reasons aptly stated in the R&R, these claims are dismissed.

The court has reviewed the remainder of the R&R for clear error. Upon such review, the court finds no error. Accordingly, and in summary, the R&R is adopted in its entirety, and, for the reasons articulated therein, Fletcher's Complaint is dismissed.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Report-Recommendation of Magistrate Judge George H. Lowe filed March 14, 2008 is adopted in its entirety and the Complaint is dismissed; and it is further

**ORDERED** that the Clerk enter judgment and close the case.

**IT IS SO ORDERED**.

Albany, New York
September 24, 2008

Gary L. Sharpe
U.S. District Judge